IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| T. MICAH DORTCH, | : | |
| | : | Case No. 4:18-cv-00452-ALM |
| Special Receiver, | : | |
| | : | |
| v. | : | |
| | : | |
| WELLS FARGO BANK, N.A. | : | |
| | : | |
| Defendant. | : | |
| | : | |

## ORDER

Before this Court is the unopposed Motion for Order Approving Settlement, Dismissing with Prejudice, and Entering a Final Bar Order and Injunction (the "**Motion**"), filed by Timothy Micah Dortch ("**Dortch**" or "**Special Receiver**"), in his capacity as the Court-appointed Special Receiver for Thurman P. Bryant, III ("**Bryant**") and Bryant United Capital Funding, Inc. ("**BUCF**"), Arthur F. Wammel ("**Wammel**"), Wammel Group, LLC, and Wammel Group Holdings Partnership (collectively, the "**Receivership Estate**"). The Motion seeks approval of the Settlement Agreement between Special Receiver and Wells Fargo Bank, N.A. ("**Wells Fargo**"), dismissal with prejudice of the above-captioned case pursuant to Fed. R. Civ. P. 66 (which provides that "[a]n action in which a receiver has been appointed may be dismissed only by court order"), and an Order barring the commencement or continuation of any claims against Wells Fargo related to the Bryant/Wammel Ponzi Scheme.

ACCORDINGLY, the Court FINDS that:

1.     The Settlement and Settlement Agreement are fair, equitable, reasonable, and in the best interests of the Receivership Estate, and should be authorized and approved by the Court.

2. Order barring the commencement or continuation of any Bryant/Wammel Ponzi scheme related claims against Wells Fargo is appropriate under the circumstances.

Based upon the above findings, and consistent with general equitable principles and in accordance with this Court's equitable jurisdiction in this matter, the Court ORDERS that:

1. The Motion is GRANTED.

2. The Settlement and Settlement Agreement are APPROVED.

3. All litigation against Wells Fargo related to the Bryant/Wammel Ponzi Scheme is, by operation of this Order, permanently and forever BARRED, RESTRAINED, and ENJOINED.

4. All Barred Claimants are hereby permanently and forever BARRED, RESTRAINED, and ENJOINED from asserting any claim against Wells Fargo relating to the Bryant/Wammel Ponzi scheme, and from commencing or continuing any litigation against Wells Fargo relating to the Bryant/Wammel Ponzi scheme, or assisting any other Person in doing so. The Barred Claimants are any and all persons possessing or asserting any past, present or future claim against Wells Fargo relating to the Bryant/Wammel Ponzi scheme, and includes but is not limited to the Receiver, the Receivership Estate, and the creditors of the Receivership Estate, and each of their past, present or future directors, officers, agents, affiliates, employees, successors and assigns, and any person claiming by, through or on behalf of any of the foregoing.

5. Neither the settlement, nor any of the terms or provisions of the Settlement Agreement, nor any of the negotiations or proceedings in connection with the settlement, nor any of the documents or statements referred to therein shall be construed as or deemed in any judicial, administrative, arbitration, or other type of proceeding to be evidence of a presumption, concession, or an admission by Wells Fargo of the truth of any fact alleged or the validity of any claim that has been, could have been, or in the future might be asserted by any person.

6. This case is DISMISSED WITH PREJUDICE pursuant to Fed. R. Civ. P. 66.

7. Filings attaching or describing the terms of the Settlement Agreement shall be filed under SEAL.

8. This Court shall have and retain jurisdiction over all matters related to the administration, interpretation, effectuation, or enforcement of this Order, the Settlement Agreement, and any related disputes.

All relief not previously granted is hereby denied.

The Clerk is directed to close this civil action.

**IT IS SO ORDERED.**
**SIGNED this 21st day of May, 2020.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE